K. C. SIMMONS *v.* C. B. ALLEN ET AL.

(No. 7099)

Submitted February 23, 1932.   Decided March 8, 1932.

*J. H. White,* for plaintiffs in error.

*S. M. Austin,* and *G. F. Hedges* and *S. P. Bell,* for defendants in error.

HATCHER, PRESIDENT:

This is an action of assumpsit in which plaintiffs recovered a judgment of $10,900.00, as commissions on the purchase of gas properties.   The defendants secured a writ of error.

The action is based on the following promise in writing to plaintiffs signed by defendant McWhorter, who also represented his co-defendant Allen:

"Subject to the approval of the Jervian Corporation, I agree to pay to Jeff Miller and K. C. Simmons a sum equivalent to $10,000.00 per million dollars of gas property purchased by said corporation through them—This February 8, 1929."

Pursuant to this promise, the plaintiffs secured and delivered to defendants, options on gas properties which were purchased by an assignee of the Jervian corporation to the amount of $1,090,000.00. The defense is that plaintiffs accepted commissions from the sellers without the knowledge of defendants. The plaintiffs admit such acceptance, but offer evidence that defendants knew of their dual agency and agreed to it,—a jury question under proper instructions.

McWhorter stated that plaintiffs distinctly agreed to represent the purchaser. Plaintiffs specifically denied such an agreement. They say the sellers fixed the prices when the options were secured. Afterwards, a representative of the purchaser met and negotiated further with the sellers, and in several instances secured a material reduction in the option price. Plaintiffs say they had nothing to do with the several prices fixed at this conference, and contend that because of their indifference as to prices, they were mere "middle men." As such, they could ordinarily recover from both the sellers and the purchaser though neither knew that compensation was expected from the other. 4 R. C. L., subject Brokers, sec. 65. However, McWhorter further testified that when he engaged their services, they mentioned a price likely to be demanded on certain properties, and he told them "they would have to get the price lower than that in order to make it possible for the securities to be sold * * *. They were to get the prices on the property down to the lowest possible price" and that *they agreed to do so*. This testimony was not denied and is self-evident. Plaintiff Simmons readily admitted that plaintiffs were representing the defendants in this transaction. The defendants were acting for Jervian Corporation of which plaintiffs had notice. Therefore it was of the very essence of plaintiffs' undertaking to attempt to promote the interests of their employers by securing the lowest possible prices from the sellers. *Farnsworth* v. *Hemmer,* (Mass.) 79

Am. Dec. 756, 757. Plaintiffs did not acquire the status of "middle men" by neglecting their duty in this respect. 9 C. J., subject Brokers, sec. 76.

Plaintiffs' instruction No. 2, however, was given, submitting to the jury their right to recover as middle men. This was error. The court also gave their binding instruction No. 4 which ignored completely (1) their agreement "to get the prices on the property down to the lowest possible price" and (2) the defense of dual agency. This was also error. A review of the authorities on these subjects is unnecessary. That was done in *Shaver* v. *Coal Co.*, 108 W. Va. 365, 351 S. E. 326—an agency case—which was reversed because of a binding instruction ignoring the defense of dual agency. The sole test of the right of these plaintiffs to recover under the evidence is *whether defendants had full knowledge of plaintiffs' dual representation and consented thereto. Shaver* v. *Coal Co.*, p. 381, 385-6.

Other errors assigned do not seem of consequence. But because of the erroneous instructions above noted, the judgment of the lower court is reversed, the verdict of the jury set aside, and the case remanded.

*Reversed and Remanded.*

MAXWELL, J. (dissenting):

There was a sharp conflict in the testimony as to whether on the day the memorandum was signed by defendant Mc-Whorter, there was an express oral understanding between him and the plaintiffs that they were to have the privilege of receiving a commission of one per centum from the sellers also if such commission could be obtained. Plaintiffs were entitled to the benefit of their testimony on that point, not as varying or contradicting the terms of a written instrument, but as tending to establish a contemporaneous parol agreement nowise in conflict with the written contract. If there was such oral understanding, the plaintiffs are entitled to recover, if there was no prejudicial error in the trial. I do not think there was such error, and therefore I would not disturb the verdict.

As I see the case, the plaintiffs might rely upon either of two propositions to support their contention, first, that the plaintiffs rendered their services under an express understanding and arrangement between the defendants on the one side and the prospective sellers on the other that the plaintiffs were to be paid a commission of one per centum by each side; or, second, that the plaintiffs were purely middle men. If they were in fact the latter, of course it was no concern of either side as to whether the other also was paying commission.

In my judgment, plaintiffs' instructions Nos. 2, 3 and 4 correctly present these two theories separately. Nos. 2 and 4 present the middle man theory; No. 3 dual agency with consent of both buyers and sellers. Why should No. 4 be condemned because ignoring the defense of dual agency when that defense is entirely a separate matter having no bearing on the middle man theory, and is fully covered not only by plaintiffs' No. 3 but by instructions of the defendants? The plaintiffs stand uncontradicted in their testimony that they had nothing to do with fixing prices. That was done by the parties owning the properties and a representative of the purchaser.

Being of opinion that the issues are primarily for jury determination, and perceiving no prejudicial error in the presentation of those issues to the jury, I would affirm the verdict and judgment.

I am authorized to say Judge Woods joins with me in this dissent.